Greenbaum, J. (dissenting):
The 6th paragraph of the will is a strong indication <sf the intention of the testator as to the meaning of the words “ lawful issue.” He there makes bequests, after the death of his wife, to his grandchildren, certain of whom he specifically names and others of whom he refers to as the children of his son Charles W. Durant, Jr., by his wife Catherine M.; of his son Frederick C. Durant, by bis wife Clara E., and “ children then living of my daughter Estelle by her husband Henry C. Bowers, and to the lawful issue then living of my son Howard M. Durant (should he marry and have such issue).”
*85 The reference to the “ lawful issue ” of the unmarried son Howard M. Durant seems to me to be'convincing evidence that he thereby meant the lawful children of Howard M. Durant, and that the word “ issue ” in that paragraph is synonymous with the word “ children.”
Paragraphs 15 and 16 of the will read as' follows:
“Fifteenth. Upon the death of my said son Thomas F. Durant, I give, devise and bequeath the share held in trust for him as aforesaid as follows: I give and bequeath to Adele, daughter of my said son Thomas F. Durant, by his wife Adelaide, the sum of Sixty thousand dollars, and to Victor, son of my said son Thomas F. Durant by his wife Adelaide, the sum of Forty thousand dollars, and the remainder of said share I give, devise and bequeath to my other children living at the death of said Thomas F. Durant equally to be divided among them.
“ Sixteenth. Should either of said children die before their father leaving issue him or her surviving, then I give and bequeath the share of the child so dying to such issue equally to be divided among them.
“ Should either of said children die before their father leaving no issue him or her surviving, then I give and bequeath the share of the child so dying to the survivor * * * of said two children Adele and Victor.”
In the 15th paragraph the testator mentions the names of his grandchildren to whom he makes specific gifts and gives the remainder of the trust fund “ to my other children living at the death of said Thomas F. Durant equally to be divided among them,” thus indicating a strong desire to benefit his children and to treat them as nearly alike as possible.
In the 16th paragraph the word “ children ” and the word “ issue ” are clearly used synonymously. - Of course, the testator could have used the word “ children ” in the 9th paragraph of the will now under construction where he used the word “ issue,” but such language would be very awkward. The writer of the clause evidently did what many persons would have done under the circumstances and avoided the continuous repetition of the word “ children.”
It seems to me from a consideration of the opinion of the learned surrogate and from the illustrations to which I have *86 referred that the intention of the testator was to devise the property mentioned in the 9th paragraph per stirpes and not per capita.
Decree modified as stated in opinion, with costs to all parties separately appearing, and as so modified affirmed. Settle order on notice.